UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES LIGHTFOOT,

    Plaintiff,

    v.

HENRY ROSSKOPF,

    Defendant.

Civil Action No. 04-1059 (JMF)

**MEMORANDUM OPINION**

This case was referred to me for all purposes including trial. Currently pending and ready for resolution is defendant's Motion to Compel Discovery. For the reasons stated below, defendant's motion will be granted in part and stayed in part.

**INTRODUCTION**

This case arises out of an automobile accident that occurred on October 31, 2003. James Lightfoot ("plaintiff") claims that at the time the accident occurred, he was traveling northbound on New York Avenue, N.W. in Washington, D.C.. Plaintiff further claims that when he slowed to turn right into the parking lot of a McDonald's restaurant, Henry Rosskopf ("defendant"), who was traveling northbound directly behind plaintiff, negligently ran into the back of plaintiff's car.

As a result of this accident, plaintiff filed two lawsuits. The first lawsuit, Civil Action 04-1059, the current action, was filed against the other driver of the car. The second lawsuit, Civil Action 04-1280, was filed against the District of Columbia, plaintiff's former employer. In the motion currently before the court, defendant seeks to compel the production of discovery that

was taken in the second lawsuit.

## DISCUSSION

I.    Document Requests

Defendant seeks two categories of information: 1) documents identified in the employment complaint or second lawsuit, and 2) documents identified during the course of plaintiff's deposition in the current action. The following two charts illustrate the exact documents sought as well as the parties responses and the court's ruling, where one is made.

A.    Documents Identified in the Employment Complaint

|   | **Description of Document** | **Plaintiff's Response** | **Court's Ruling** |
|---|---|---|---|
| 1. | March 12, 2003 Lightfoot Application to Boxley, with attachments. | Plaintiff notes his objections but agrees to provide. | Plaintiff will provide. |
| 2. | March 20, 2003 letter/document to Lightfoot from Graves. | Plaintiff notes his objections but agrees to provide. | Plaintiff will provide. |
| 3. | April 3, 2003 letter from Graves to Lightfoot. | Plaintiff notes his objections but agrees to provide. | Plaintiff will provide. |
| 4. | April 16, 2003 letter from Graves to Lightfoot. | Plaintiff notes his objections but agrees to provide April 15, 2003 letter, indicating that there was no letter dated April 16, 2003. | Plaintiff will provide. |
| 5. | April 30, 2003 letter from Graves to Lightfoot. | Plaintiff notes his objections but agrees to provide. | Plaintiff will provide. |
| 6. | May 4, 2003 letter from Lightfoot to Graves. | Plaintiff notes his objections but agrees to provide. | Plaintiff will provide. |

| | | | |
|---|---|---|---|
| 7. | Undated letter from Blackwell to Lightfoot notifying him that his separation was effective May 7, 2003. | Plaintiff notes his objections but agrees to provide. Plaintiff also indicates that he has already provided defendant with this document but will provide it again. | Plaintiff will provide again. |
| 8. | May 16, 2003 certified mail grievance from Lightfoot to Superintendent of Public Schools for the District of Columbia. | No response given by plaintiff. | None at the moment. |
| 9. | February 20, 2004 letter from Jones to Lightfoot or his representatives. | No response given by plaintiff. | None at the moment. |
| 10. | April 28, 2004 affidavit executed by Mr. Lightfoot in the Office of Human Rights | No response given by plaintiff. | None at the moment. |

As indicated above, as to those documents plaintiff that has agreed to provide, the court will order plaintiff to do so. As to those document requests that plaintiff has not responded to, plaintiff will be ordered to show cause why they too should not be provided to defendant.

   B. <u>Documents Identified During the Course of Plaintiff's Deposition in the Current Action</u>

| | **Description of Document** | **Plaintiff's Response** | **Court's Ruling** |
|---|---|---|---|
| 1. | May (sic, should be March) 15, 2003 letter from attorney Claire to Superintendent of Public School. | Protected by work product privilege. | Document must be submitted for an in camera review. |

| 2. | April 16, 2003 letter from attorney Clair to Annette Adams. | Protected by work product privilege. | Document must be submitted for an in camera review. |
|---|---|---|---|
| 3. | May 5, 2003 letter from attorney Clair to Thomas Gay. | Protected by work product privilege. | Document must be submitted for an in camera review. |
| 4. | April 25, 2003 letter from attorney Clair to Loretta Blackwell. | Protected by work product privilege. | Document must be submitted for an in camera review. |
| 5. | May 11, 2004 letter from attorney Clair to Hyton Demus. | This is a public document yet cannot be obtained through opposing counsel because it is protected by work product privilege. | Document must be submitted for an in camera review. |
| 6. | June 23, 2004 status report from attorney Clair to Office of Human Rights. | This is a public document yet cannot be obtained through opposing counsel because it is protected by work product privilege. | Document must be submitted for an in camera review. |
| 7. | August 2, 2004 letter from attorney Clair to Bobby James Hoet. | This document is not discoverable as it is a communication relating to confidential settlement negotiations. | Document must be submitted for an in camera review. |
| 8. | April 7, 2004 letter from District of Columbia to attorney Clair. | Plaintiff notes his objections but agrees to provide. | Plaintiff will provide. |
| 9. | February 20, 2004 letter from Valerie Jones to Mr. Clair. | Plaintiff notes his objections but agrees to provide. | Plaintiff will provide. |
| 10. | May 3, 2004 letter from Kenneth Saunders, Director of Office of Human Rights to attorney Clair. | Plaintiff notes his objections but agrees to provide. | Plaintiff will provide. |

| 11. | May 11, 2004 letter from Kenneth Saunders to attorney Clair. | Plaintiff notes his objections but agrees to provide. | Plaintiff will provide. |

As indicated above, as to those documents that plaintiff has agreed to provide, the court will order plaintiff to do so. Needless to say, as to those documents plaintiff refuses to provide, plaintiff fails to provide the court or his opponent with a discovery log upon which the disputed documents may be assessed. In any event, this court has often concluded that discovery logs, even detailed ones, are ultimately inadequate, necessitating the submission of the disputed documents for an in camera review. Therefore, plaintiff will be ordered to submit those documents for such a review. Plaintiff will also be ordered to submit to the court a privilege log that contains the following information: 1) a description of the document, 2) the document's author, 3) the document's intended recipient, 4) the date of the document, and 5) the specific privilege or privileges claimed.

Following defendant's receipt of the privilege log, defendant will supplement its original motion to compel with additional argument as to the following: 1) whether the information is relevant, 2) whether plaintiff can make a showing of substantial need for the information.

   C. <u>Disclosure Requirements</u>

In addition to arguing that defendant has failed to provide proper authority and make the requisite showing of need in support of his motion to compel, plaintiff also argues that defendant has failed to provide a certificate of disclosure of corporate affiliations and financial interests, as mandated by Local Civil Rule 7.1. Although is appears that defendant is being sued in his individual capacity, defendant will be required to either comply with the disclosure requirement

or file a praecipe stating that the rule does not apply.

      An Order accompanies this Memorandum Opinion.

 

_____
JOHN M. FACCIOLA
Dated:                                        UNITED STATES MAGISTRATE JUDGE