UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES LIGHTFOOT,
    Plaintiff,

v.

HENRY ROSSKOPF,
    Defendant.

Civil Action No. 04-1059 (JMF)

ORDER

On June 10, 2005, I issued a Memorandum Opinion and Order granting in part and staying in part defendant's Motion to Compel Discovery [#23]. I also ordered plaintiff to provide several documents and a privilege log for *in camera* review. The following chart summarizes my rulings with respect to each document submitted for *in camera* review.

| Description of Document | Plaintiff's Response | Court's Ruling |
|---|---|---|
| May (should be March) 15, 2003 letter from attorney Clair to Superintendent of D.C. Public School | Protected by work product privilege | Even if it qualifies as work product, it was disclosed to plaintiff's adversary (D.C. Public Schools) in his employment case and therefore the privilege was waived<br><br>Plaintiff shall produce to defendant by June 29, 2005[1] |
| February 20, 2004 letter from EEO Counsel for DCPS to plaintiff Lightfoot | Protected by work product privilege | Already ordered produced<br><br>Even if it had not yet been ordered produced, work product privilege is inapplicable because it was written *by* EEO Counsel for DCPS Office of Human Resources *to* plaintiff (and was not written by Lightfoot or his attorney)<br><br>Plaintiff shall produce to defendant by June 29, 2005 |

---

[1] I am requiring production by June 29, 2005 because the pretrial conference in this matter is scheduled for June 30, 2005.

| | | |
|---|---|---|
| April 28, 2004 affidavit by Lightfoot (written with counsel's assistance) to D.C. Office of Human Rights | Protected by work product privilege | According to D.C. Office of Human Rights protocol, once filed, copies of the charge of discrimination are mailed to each party within 15 days of filing<br><br>Thus, even if it qualifies as work product, it was disclosed to plaintiff's adversary (D.C. Public Schools) in his employment case and therefore the privilege was waived<br><br>Plaintiff shall produce to defendant by June 29, 2005 |
| April 16, 2003 letter from attorney Clair to Annette Adams, Superintendent of DCPS | Protected by work product privilege | Even if it qualifies as work product, it was disclosed to plaintiff's adversary (D.C. Public Schools) in his employment case and therefore the privilege was waived<br><br>Plaintiff shall produce to defendant by June 29, 2005 |
| May 5, 2003 letter from attorney Clair to Dr. Thomas Gay | Protected by work product privilege | Disclosure to third party (non-adversary) did not waive the work product protection<br><br>Only the second-to-last sentence (beginning with the word "maybe") reveals counsel's mental impressions<br><br>The rest of the document simply recounts facts and must be produced<br><br>Plaintiff shall produce redacted version to defendant by June 29, 2005 |
| April 25, 2003 letter from attorney Clair to Loretta Blackwell, Director of Labor Management and Employee Relations | Protected by work product privilege | Even if it qualifies as work product, it was disclosed to plaintiff's adversary (D.C. Public Schools) in his employment case and therefore the privilege was waived<br><br>Plaintiff shall produce to defendant by June 29, 2005 |

| May 11, 2004 letter from attorney Clair to Haydn Demas, Investigator for the D.C. Office of Human Rights | Public document but protected by work product privilege | Document lost work product protection when it was made available to the public (including plaintiff's adversary in his employment case)<br><br>Plaintiff shall produce to defendant by June 29, 2005 |
|---|---|---|
| June 23, 2004 status report from attorney Clair to D.C. Office of Human Rights | Public document but protected by work product privilege | Document lost work product protection when it was made available to the public (including plaintiff's adversary in his employment case)<br><br>Even if it were not a public document, to uphold plaintiff's claim would trivialize the work product doctrine because this document merely recounts the progress of the D.C. Office of Human Rights complaint and deals with scheduling matters<br><br>Plaintiff shall produce to defendant by June 29, 2005 |
| August 2, 2004 letter from attorney Clair to Bobby James Hoet (withdrawing complaint from D.C. Office of Human Rights) | Not discoverable because it is a communication relating to confidential settlement negotiations | Document may constitute work product because it was written in anticipation of trial, but to uphold claim of work product would trivialize the privilege because the document reveals nothing more than plaintiff revealed in his privilege log<br><br>Plaintiff shall produce to defendant by June 29, 2005 |

**SO ORDERED.**

_____
JOHN M. FACCIOLA
Dated:                                                              UNITED STATES MAGISTRATE JUDGE