UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES LIGHTFOOT,<br><br>    Plaintiff,<br><br>    v.<br><br>HENRY ROSSKOPF,<br><br>    Defendant. | Civil Action No. 04-1059 (JMF) |

**ORDER**

    This case was referred to me for all purposes including trial.  Trial in this matter is currently set to begin on Tuesday, July 25, 2005.  The issue currently before me is whether or not plaintiff should be permitted to call Doctors Gay and Vaughn to testify at trial.  Resolution of this narrow question is aided by a review of the court's orders and the parties' filings thusfar.

    Under Rule 26(f) of the Federal Rules of Civil Procedure, parties must meet and confer, pursuant to Rule 16.3 of the Local Rules, a minimum of twenty-one days prior to the scheduling conference.  On November 8, 2004, Judge Kotelly issued an initial scheduling order, wherein the parties were directed to file their Joint Statement no later than 14 days after the meet and confer.  On November 23, 2004, the parties jointly filed their Report of Local Rule 16.3 Conference, within which the parties both agreed to dispense with the initial disclosures and agreed that the expert witness requirements of Rule 26(a)(2) should not be modified.  On December 7, 2004, Judge Kotelly issued a Scheduling and Procedures Order, indicating that proponent's Rule 26(a)(2)(B) statement was due on or before January 7, 2005 and opponent's Rule 26(a)(2)(B)

statement was due on or before February 11, 2005.  On April 6, 2004, I issued a Pretrial Procedure Order.

On June 21, 2005, the parties filed their joint pretrial statement. In the statement, plaintiff identified five witnesses that he expected to call at trial: 1) Marline Balthrope, 2) Lashun Lightfoot, 3) Fernando Hernandez, 4) Dr. Dione Gay, and 5) Dr. William Vaughn.

Defendant opposes plaintiff's naming of the last two witnesses on the grounds that they were not previously identified.  Defendant notes that it propounded interrogatories to plaintiff that specifically sought the names of both the fact and expert witnesses plaintiff intended to call and that plaintiff failed to identify Doctors Gay and Vaughn at that time:

> 16. Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by that person.
> ANSWER:  Mariline Balthrope was told of the pain I was suffering; Lashun Lightfoot Long was told of the pain I was suffering; Fernando Hernandez was told of the pain I was suffering.
> 17. Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify and a summary of the grounds for each opinion, and attach to your answers any written report made by the expert concerning those findings and opinions.
> ANSWER: I have not decided at this time to call any experts because I will testify to damages and lost earnings.  Based on Federal Rule Of Evidence 701 I will testify and provide my opinion based on my observations of the events surrounding the accident, my preexisting injuries that were aggravated by the accident and my impaired earnings resulting form the accident. See *Fateh V. Rich*, 481 A.2d 464 (D.C. App 1984) and *Holt V. Olmsted TP. B. of Trustees*, 43 F.Supp.2d 812 (N.D.Ohio 1998).

<u>Answer to Interrogatories</u> at 4-5.

It is clear that plaintiff never complied with the disclosure requirements of Rule 16.5 of the Local Rules, which states the following:

> No objection shall be entertained to a witness or to testimony on the ground that the witness or testimony was disclosed for the first time in a party's Pretrial Statement, unless the party objecting has unsuccessfully sought to learn the identity of the witness or the substance of the testimony by discovery, and the court or magistrate judge finds the information to have been wrongfully withheld.

LCvR 16.5(b)(5).

As is clear from a review of defendant's interrogatories and plaintiff's answers thereto, plaintiff never identified Doctors Gay and Vaughn as either fact or expert witnesses. Thus, plaintiff's identification in the Joint Pretrial Statement of Doctors Gay and Vaughn as fact witnesses will be stricken.

**SO ORDERED.**

Dated:

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE