# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**JAMES LIGHTFOOT,**

    **Plaintiff,**

    **v.**

**HENRY ROSSKOPF,**

    **Defendant.**

**Civil Action No. 04-1059 (JMF)**

## MEMORANDUM OPINION

This case was referred to me for all purposes including trial.  Currently pending and ready for resolution is plaintiff's <u>Motion in Limine</u> ("Plains. Mot.").  For the reasons stated below, plaintiff's motion will be granted.

## INTRODUCTION

This case arises out of an automobile accident that occurred on October 31, 2003. Plaintiff, James Lightfoot, claims that defendant, Henry Rosskopf, negligently ran into the back of plaintiff's car.  Plaintiff also claims that prior to the accident, he suffered from job-related stress and anxiety and that as a result of the stress, he took a leave of absence from his job.  On March 13, 2003 and on April 15, 2004, plaintiff was evaluated by his primary care physician, Dr. Thomas A. Gay.  On April 15, 2003, Dr. Gay found that plaintiff was suffering from hypertension and referred him to the Washington Hospital center for additional testing.  On November 14, 2003, plaintiff was evaluated by Medisyn Provider Network and was treated by Medisyn from April 14, 2003 through January 7, 2004.

Plaintiff argues that defendant's negligence caused plaintiff severe injuries and further exacerbated the stress, anxiety, and hypertension he was already experiencing.  In the current motion, plaintiff seeks permission from the court to testify personally, as opposed to through an expert witness, as to the nature of his injuries.  Defendant opposes plaintiff's motion on the grounds that the testimony plaintiff seeks to offer "relates to a complicated medical question necessitating that it be supported by expert testimony." Defendant's Opposition to Plaintiff's Motion in Limine ("Defs. Opp.") at 1.

## DISCUSSION

A.    Legal Standards

Rule 602 of the Federal Rules of Evidence states in pertinent part that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  If a determination has been made that the witness does have personal knowledge of the matters to which he seeks to testify, the nature of the witness' testimony is further limited by the following provisions contained within Rule 701 of the Federal Rules of Evidence:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge with the scope of Rule 702.

Fed. R. Evid. 701.1.

Lay witnesses may offer opinion testimony based on their perceptions, if it is helpful and not based on specialized knowledge, provided  the party offering the lay opinion testimony

establishes a proper foundation, and the party opposing the admission of such testimony has an

opportunity, through the process of cross-examination, to expose a weak foundation. United

States v. Williams, 212 F.3d 1305, 1310 n.6  (D.C. Cir.) (citations omitted), cert. denied, 531

U.S. 1056 (2000).

On the other hand, if the opinion involves specialized knowledge beyond the ken of a lay

man, a lay opinion, purporting to claim, with a reasonable degree of scientific certainty, that one

phenomenon was proximately caused by another is inadmissible for lack of foundation. Fed. R.

Evid. 701 (if witness is not testifying as expert, opinion testimony is limited to opinion based on

perception, if helpful, and if not based on scientific, technical, or other specialized knowledge).

B.       Analysis

Plaintiff is not a doctor but claims that his preexisting stress, anxiety and hypertension

were exacerbated as a result of the accident.  He could only testify as a lay witness, asserting that,

based on his own perception and feelings, he felt worse after the accident than he did before. Fed.

R. Evid. 701.

A different question is presented, however, as to whether he can proceed to the jury,

demanding damages, without expert testimony that the accident exacerbated his condition.

Under District of Columbia law, "expert testimony is generally required to prove a causal

connection between an accident and an injury." Lewis v. Washington Metropolitan Area Transit

Authority, 19 F.3d 677, 679 (D.C. Cir. 1994).  There are three exceptions: (1) when the injury

develops within a reasonable time after the accident; (2) when causation is clearly apparent; or

(3) when the cause of injury relates to matters of common experience, knowledge or observation

of laypersons. Id.

It is impossible without hearing all the evidence to determine whether plaintiff can meet these exceptions and whether his case can go to the jury.  It suffices to say that the plaintiff can testify to how he felt before and after the accident but whether that testimony and the rest of his case will permit the jury to return a verdict in his favor remains to be seen.

Accordingly, plaintiff's <u>Motion in Limine</u> is granted to permit him to testify only as to how he felt before and after the accident.  An Order accompanies this Memorandum Opinion.


_____
JOHN M. FACCIOLA
Dated:                                               UNITED STATES MAGISTRATE JUDGE